**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **STEPHANIE WEEKS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PE:21-CV-00066-DC-DF** |
| | § | |
| **BOTTLING GROUP LLC** *d/b/a* **PEPSI** | § | |
| **BEVERAGES COMPANY, NEW BERN** | § | |
| **TRANSPORT CORPORATION, and** | § | |
| **PEPSICO, INC.** | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF'S OPPOSED MOTION TO EXTEND**

BEFORE THE COURT is Plaintiff Stephanie Weeks's ("Plaintiff") Opposed Motion to Extend the Deadline to Respond to the Defendant PepsiCo's Motion to Dismiss (hereafter, "Motion to Extend"). (Doc. 14). This case is before the undersigned U.S. Magistrate Judge through a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to U.S. Magistrate Judges. After due consideration, Plaintiff's Motion to Extend shall be **GRANTED**. (Doc. 14).

**I. BACKGROUND**

Plaintiff brought suit against Defendant Bottling Group LLC d/b/a Pepsi Beverages Company ("Defendant PBC") in the 83rd Judicial District Court for Pecos County, Texas, on July 12, 2021, under Cause No. P-8388-83-CV, *Stephanie Weeks v. Pepsi Beverages Company*. (Docs. 1 at 1; 1-3 at 2). Defendant PBC filed its Notice of Removal in this Court on August 10, 2021. (Doc. 1). On December 13, 2021, following Court approval, Plaintiff amended her complaint, adding Defendant New Bern Transport Corporation, as well as Defendant PepsiCo, Inc. ("Defendant Pepsi"). (Doc. 11). On December 22, 2021, Defendant Pepsi filed its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(B)(6) (hereafter, "Motion to Dismiss"). (Doc. 13).

According to Local Court Rule CV-7(d), a non-moving party must provide a response to a dispositive motion—an "other motion"—within fourteen days after the motion was filed. W.D. Tex. Loc. R. CV-7(d). Motion to Dismiss was filed on December 22, 2021; Plaintiff's response was therefore due January 5, 2022. Plaintiff did not file a response by January 5, 2022. Eventually, however, on January 13, 2022, Plaintiff filed her Motion to Extend, which was noted as opposed by Defendant Pepsi. (Doc. 14). Defendant Pepsi filed its response to the Motion to Extend on January 19, 2022, arguing that the Motion to Extend should be denied because Plaintiff missed her deadline and does not present a "meritorious defense or extraordinary circumstance[]" warranting extension. (Doc. 16 at 2–3). No reply by Plaintiff was filed. Accordingly, this matter is now ripe for disposition.

## II. ANALYSIS

In Plaintiff's rather brief Motion to Extend, Plaintiff admits that the Motion to Dismiss was filed on December 22, 2021. (Doc. 14 at 1). Plaintiff's sole argument is that Counsel for Plaintiff made a "mistake in calculating the response deadline," evidently premised upon a distraction by "work[] on a summary judgment response in another case." *Id.* at 1. Defendant Pepsi counters in its response, arguing that the "excusable neglect" standard is not satisfied here by Plaintiff's inadvertence. (Doc. 16 at 3). Because the Court finds that excusable neglect exists, and Plaintiff has demonstrated good cause for the delay in responding to the Motion to Dismiss, the Motion to Extend shall be **GRANTED**. (Doc. 14).

Federal Rule of Civil Procedure 6(b) grants district courts "broad discretion to control their own dockets and extend the filing deadlines to motions." *St. Pierre v. Dearborn Nat'l Life Ins. Co.*, No. EP-19-CV-00223-DCG, 2020 U.S. Dist. LEXIS 194546, at *14, 2020 WL 6122555, at *5 (W.D. Apr. 14, 2020) (citing *Marine Chance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998)). If a party makes this request "after the time has expired," a court can grant the motion only if it finds both that "the [moving] party failed to act because of excusable neglect" and that "good cause" exists. FED. R. CIV. P. 6(b). Even if excusable neglect and good cause are demonstrated, "it

nonetheless remains a question of the court's discretion whether to grant any motion to extend time under [Federal] Rule 6(b)." *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, No. 4:17-02936, 2018 U.S. Dist. LEXIS 197508, at *4, 2018 WL 6067292, at *2 (S.D. Tex. Nov. 20, 2018) (citation omitted).

What constitutes excusable neglect is a matter of equity, for it is an "elastic concept." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993)). While, as Defendant Pepsi correctly asserts, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," courts are nevertheless allocated authority to permit such late filings. *Skyward Energy v. Clipper Windpower Dev.*, No. MO:18-CV-235-DC, 2019 U.S. Dist. LEXIS 237965, at *5, 2019 WL 12117036, at *2 (W.D. Tex. Mar. 27, 2019) (quoting *Pioneer*, 507 U.S. at 389, 392); (*see also* Doc. 16 at 3). The excusable neglect framework typically involves the consideration of four factors: "the danger of prejudice to the opposing party, the length and impact of the delay, the reason for the delay, and the moving party's good faith." *Kolton v. Alder Holdings*, No. 1:19-CV-00496-RP, 2020 U.S. Dist. LEXIS 247506, at *3, 2020 WL 8093498, at *2 (W.D. Tex. Sept. 21, 2020) (quoting *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014)). In any event, the moving party holds the burden of demonstrating her delay was due to excusable neglect. *Gonzalez v. Inter Mexicana De Transporte S.A. De C.V.*, No. 5:19-CV-156, 2021 U.S. Dist. LEXIS 165430, at *3, 2021 WL 3821051, at *1 (S.D. Tex. June 7, 2021).

Here, the Court holds that Plaintiff has demonstrated excusable neglect. If Plaintiff is granted an extension of time to file her response, she will be permitted to defend the case she has asserted against Defendant Pepsi. Regarding the first factor, prejudice to Defendant Pepsi, the Court finds that the prejudice, if any, presented by an extension of Plaintiff's deadline to respond is negligible. Plaintiff filed her Motion to Extend on January 13, 2022, a single day after the fourteen-day deadline. (Doc. 14). Plaintiff furthermore notes that an initial effort to compromise on an extension was made

on January 11, 2022, before the deadline expired. *Id.* at 1. An extension of ten days, as Plaintiff requested, to January 22, 2022, would have resulted in no discernible prejudice to Defendant Pepsi, and this conclusion continues to endure. *Id.* The Court can detect, and Defendant Pepsi has highlighted, no significant difference between the magnitude of prejudice Defendant Pepsi would have encountered if Plaintiff had filed her response on January 12, 2022, as opposed to January 22, 2022.

Contrary to what Defendant Pepsi claims, the expenditure of "time and resources" on this matter, from which it believes it should be dismissed, is to be expected as a general matter of the course of litigation. (Doc. 16 at 3). At this stage, with the Motion to Dismiss pending, whether Plaintiff's claims concerning Defendant Pepsi should be dismissed is an issue yet to be determined by the Court. Receiving arguments exclusively from Defendant Pepsi when Plaintiff's defense of her case is, in the face of the Motion to Extend, presumably available, would be inequitable, and provide substantial benefit to Defendant Pepsi based upon something akin to a mere technicality. *Accord Oramulu v. Wash. Mut. Bank*, No. H-08-00277, 2009 U.S. Dist. LEXIS 126599, at *6, 2009 WL 7838118, at *2 (S.D. Tex. June 11, 2009) (acknowledging the judicial policy of "resolving issues on the merits, rather than on procedural technicalities" in the Federal Rule 6(b) context). In other words, circumventing Defendant Pepsi's enjoyment of this windfall does not a prejudice make. Thus, the absence of prejudice to Defendant Pepsi posed by the Motion to Extend encourages the Court to rule in favor of granting the Motion to Extend. *Accord Kolton*, 2020 U.S. Dist. LEXIS 247506, at *4, 2020 WL 8093498, at *2 ("[A]n absence of prejudice to the nonmovant may tip the balance in favor of allowing more time.").

As to the second factor, Plaintiff only seeks a ten-day delay. (Doc. 14 at 1). This length of delay likely serves to attribute no disadvantage to either this Court or Defendant Pepsi, especially since the instant case is still in its infancy, and discovery has yet to occur. *See Smith v. Union Nat'l Life Ins. Co.*, No. 1:15-CV-9-KS-RHW, 2017 U.S. Dist. LEXIS 71932, at *6, 2017 WL 1956779, at

4

*2 (S.D. Miss. May 11, 2017) (finding no significant impact from an extension of either "13 or 23 days"). The Court holds that the length and impact of the ten-day delay are not substantial enough to warrant strict adherence to the response deadline in this case. Thus, the second factor supports granting the Motion to Extend.

The third factor concerning Plaintiff's reason for delay does slightly against granting the Motion to Extend. Plaintiff's explanation, at base, is that Counsel for Plaintiff miscalculated the two-week or fourteen-day deadline by which Plaintiff's response to the Motion to Dismiss was due. (*See* Doc. 14 at 1). Inadvertence tends to be the least effective explanation, short of an intentional evasion of one's deadlines. *Johnson v. City of Indianola*, No. 4:19-CV-19-DMB-RP, 2020 U.S. Dist. LEXIS 201294, at *6 (N.D. Miss. Oct. 29, 2020). However, it is important to note that parties often make simple scheduling errors; strong enforcement of technicalities in every one of these cases may lead to undesirable results, such as dismissing otherwise viable claims. This is Plaintiff's first motion for extension in the case since it was removed to this Court, not to mention her primordial attempt to justify a delay based upon a scheduling discrepancy. Thus, the third factor only weighs partially against granting the Motion to Extend.

Likewise, as to the fourth factor, Plaintiff appears to have indeed made this mistake in good faith, without malicious intent or duplicity. (*See* Doc. 14). Defendant has not claimed otherwise, and the Court finds no reason to suspect black hand tactics are at hand. (*See generally* Doc. 16); *see also Correia v. Lappin*, No. 1:08CV644, 2009 U.S. Dist. LEXIS 136563, at *5–*6, 2009 WL 10677357, at *2 (E.D. Tex. Aug. 26, 2009). Therefore, the fourth factor weighs in favor of granting the Motion to Extend. In conclusion, the factors overall weigh in favor of extending the deadline for Plaintiff to file her response to the Motion to Dismiss.

Additionally, the Court also finds that Plaintiff has shown good cause for allowing an extension. Scheduling mistakes, as noted above, are indubitably commonplace, as Defendant Pepsi acknowledges. (Doc. 16 at 3 (acknowledging that "errors in calculating deadlines occasionally

happen")); *see, e.g.*, *Smith*, 2017 U.S. Dist. LEXIS 71932, at *6, 2017 WL 1956779, at *2. Furthermore, the Local Court Rules allow for dispositive or "other motions" to be treated and consequently granted as unopposed if "no response [is] filed within the [fourteen-day] time period prescribed by this rule." W.D. Tex. Loc. R. CV-7(d). In this instance, the motion to which Plaintiff seeks to respond via an extension of the deadline is indeed dispositive—if the Motion to Dismiss is granted as unopposed, without Plaintiff's response, the entirety of Plaintiff's claims against Defendant Pepsi will be dismissed following receipt of argument from only a single party. As noted above, Plaintiff's claims, which may very well have been properly pleaded at this stage of the proceedings, will be left unguarded, rendered defenseless by the apparently piercing quality of the response deadline. Plaintiff here should be allowed to defend her claims, even if those claims might eventually fail.

Therefore, Plaintiff has met her burden of demonstrating both excusable neglect for the delay in responding and good cause for granting an extension at this time. Accordingly, the Court **GRANTS** Plaintiff's Motion to Extend. (Doc. 14).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Extend shall be **GRANTED**. (Doc. 14).

It is **ORDERED** that Plaintiff's deadline to respond to Defendant's Motion to Dismiss (Doc. 13) is hereby extended until **March 2, 2022.**

It is so **ORDERED**.

SIGNED this 23rd day of February, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE